IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ANTHONY J. DEMARCO, III         Case No. 13033-mdc

                                Chapter 7 Debtor

FRANCISCO & NIOCA VERA,
        Plaintiffs,
vs.

ANTHONY J. DEMARCO, III;         Adversary No.

DEMARCO REI, INC.

SETTLEMENT ENGINE, INC.

JOHN DOE 1,

        Defendants.

**COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR AND FOR OTHER RELIEF**

**I.    Introduction**

Plaintiffs file this Complaint Objecting to Discharge of debtor pursuant to 11 U.S.C. §727 and 11 U.S.C. §523 and Bankruptcy Rule 4004(d) and 7001(4) of the Federal Rules of Bankruptcy Procedure. In addition to objecting to discharge of the debtor, this action seeks affirmative relief for violation of various federal and state law committed by the Defendants in furtherance of a foreclosure rescue scam conceived and guided by the debtor.

**II.    Jurisdiction**

1. The Court has jurisdiction in this matter pursuant to 28 U.S.C. §1334 and venue is proper pursuant to 28 U.S.C. §1409. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(j).

**Parties**

3. Plaintiffs and creditors of debtor, Francisco and Nioca Vera (collectively "Plaintiffs"), are adult individuals married and currently residing with their children at 161 New York Ave., Jersey City, NJ 07307 ("Property" or "home").

4. The debtor in this case, Anthony J. DeMarco, III, operated a business entity by the name DeMarco REI, Inc. whose current operating status is believed to be defunct. DeMarco resides at 112 N. 2nd St., Unit 4H, Philadelphia, PA 19106.

5. Upon information and belief, DeMarco REI, is nothing more than an alter ego of debtor over which debtor exercised complete dominion and control as a vehicle for debtor and his accomplices to deceive unsuspecting and desperate consumers into selling their homes under the pretext of "foreclosure rescue". The scheme involved promising foreclosure rescue to save a consumer's home from foreclosure by selling the home to a third party investor under a leaseback agreement, promising credit repair services to qualify the consumer for financing to repurchase their home, promising to protect/escrow equity in the home above pre-existing liens on the home, and then by various pretexts stealing the equity as cash proceeds from the loan.

6. Defendant John Doe 1, is a natural person believed to be an individual or corporation, who at all times material herein was an employee or confederate of debtor and/or DeMarco REI and, at all times herein, acted under the direction and training of debtor.

7. Settlement Engine Inc. ("SEI") is a duly incorporated corporation with offices at 2585 Freeport Road, Suite 204, Pittsburgh, PA 15238. At all times material herein, SEI was the settlement agent for the foreclosure rescue transaction described herein.

**Factual Allegations**

    A.    **General Background**

8. Upon information and belief, DeMarco, individually and acting in concert with employee, John Doe 1, and title agent SEI, and with others not yet known or discovered, at various times or perpetually, schemed, calculated and organized illegal activities under false cover of a "foreclosure rescue" enterprise for years, during which time defendant DeMarco misappropriated and converted loan funds representing equity in consumers' homes by, among other means, forging loan documents, to the detriment of plaintiffs, and to the benefit, gain, and profit of DeMarco.

9. Upon information and belief, the aforesaid scheme more specifically involved debtor preparing two (2) sets of loan documents, one of which would be signed by the homeowners at closing showing Demarco REI as buyer and the later version forged by John Doe 1 at debtor's direction which would show sale of the property to a third party individual investor procured by DeMarco as buyer to obtain bank financing of the transaction. The latter loan documents would involve forging of a HUD-1 to show payment to DeMarco or DeMarco REI of the amount of equity in the property cashed out from the purchase loan amount.

10. SEI participated in the aforesaid scheme by issuing loan funds to DeMarco upon HUD-1s it knew to be forged.

**B.    Vera Scam**

11. In or around August, 2008, Plaintiffs fell behind on their mortgage loan after Francisco Vera lost his job after an accident related injury.

12. Plaintiffs first language is Spanish and Mrs. Vera speaks very little English.

13. In or around August, 2006, Plaintiffs by DeMarco to enter into a sale/leaseback to save their home in which DeMarco REI employees alleged the State of New Jersey was giving delinquent homeowners grants and credit repair services to save their homes.

14. On or about August 2, 2008, plaintiffs attended settlement of a transaction with a Jonathan Moragne and Michael Barber of DeMarco REI to sell their home to DeMarco REI in the context of the aforesaid sale/leaseback.

15. Plaintiffs failed to receive a copy of the signed settlement paperwork.

16. Plaintiffs continued to make payments of rent to DeMarco REI, but no one from DeMarco REI or Debtor would engage plaintiffs on repurchase of the property.

17. Believing they had been scammed by DeMarco, plaintiffs discontinued their rent payments.

18. Upon information and belief, DeMarco defendants converted some or all of the lease payments, escrowed loan funds, or cashed out loan funds from the plaintiffs' property.

## COUNT I – Objection To Discharge

19. Upon information and belief, DeMarco exercised complete dominion and control over the corporate entity, DeMarco REI, to create and profit from dozens of foreclosure rescue scam transactions.

20. DeMarco's filings in this bankruptcy fail to explain satisfactorily accounting of assets involved in this transaction or the loss or deficiency of such assets to meet his liabilities in this action based on plaintiffs' belief of the millions of dollars of equity debtor has illegally extracted from consumers' home equity in scams similar to that perpetrated upon them.

21. Plaintiffs further aver that based upon the foregoing facts and others that will be developed in the course of discovery, the debtor actions are in contravention of the provisions of 11 U.S.C. §727 and 11 U.S.C. §523 and, therefore, constitute grounds to deny the debtor's discharge.

## COUNT II
### Unfair Trade Practices And Consumer Protection Law ("UTPCPL")
*(Defendants Demarco, Demarco REI, SEI, JOHN DOE 1)*

22. Plaintiffs reallege all preceding paragraphs as if set forth herein.

23. The Defendants made the following representations expressly or impliedly to the plaintiff:

   a. Defendants represented that the Transaction was intended to rescue plaintiff's home;

   b. Defendants inserted after closing and out of the presence of plaintiffs a $90,500 fee into the HUD-1 submitted to Bank of America;

   c. Defendants represented that they would help repair plaintiffs' credit and find financing to help them buy back their home;

   d. Defendants represented, affirmatively or by omission, that the loan and loan related documents they signed at closing of the transaction were the documents that were transmitted to the lender for the transaction.

24. The defendants' representations and/omissions outlined in previous paragraph were false, were known or should have been known to defendants to be false when made, were material in nature, and were made with the intent to deceive and defraud the plaintiff into selling his home so that defendants could profit from loan related fees and/or strip tens of thousands from the home's equity.

25. Defendants knew that the plaintiff had no special knowledge in the nuances of foreclosure rescue transactions and would rely on their representations as to the intent and details of the Loan Transaction and its aftermath.

5

26. The plaintiff relied on Defendants' misrepresentations before, during, and after the Loan transactions that they intended to save plaintiffs' home.

27. As a result of the aforementioned conduct, the plaintiff suffered the damages outlined above and below in addition to extreme mental anguish, frustration, humiliation, embarrassment and stress.

28. The defendants' actions as hereinbefore described, including but not limited to using a fraudulent credit repair scheme to take plaintiff's home, were reckless, outrageous, willful, and wanton, thereby justifying the imposition of exemplary, treble and/or punitive damages.

29. The UTPCPL proscribes, *inter alia*, engaging in any "unfair or deceptive acts and practices" either at, prior to, or subsequent to a consumer transaction.

30. The actions and omissions of Defendants described above constitute unfair or deceptive acts and practices under UTPCPL, additionally including, but not limited to the following, *inter alia*:

   (a) Defendants baited plaintiffs with promise of rescue and switched to scamming plaintiffs out of their home, 73 P.S. §201-2(ix);

   (b) Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding as to the credit repair, Loan, and foreclosure rescue, 73 P.S. §201-2(xxi);

   (c) Defendants misrepresented the characteristics or benefits of the transaction, any credit repair offered, and foreclosure rescue, 73 P.S. § 201-2 (4)(v);

   (d) Defendants caused a likelihood of confusion or a misunderstanding as to the service, sponsorship, approval or certification of services of Defendants, 73 P.S. § 201-2 (4) (v); and

   (e) Defendants misrepresented the transaction's sponsorship and/or approval, 73 P.S. § 201-2 (4) (ii).

## COUNT III - Conversion
*(Defendants Demarco, Demarco REI, SEI, JOHN DOE 1)*

31. Plaintiffs reallege all preceding paragraphs as if set forth herein.

32. The equity in Plaintiffs' property cashed out from the transaction by Defendants constituted conversion by Defendants of such equity.

33. Defendants' conduct in this regard was willful and intentional.

34. Plaintiffs were damaged by such conduct in the amount of stolen equity.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

A. Actual damages in the amount of the equity in the home lost by plaintiff;

B. Treble actual damages;

C. Punitive damages;

D. Reasonable Attorneys fees, expenses, and costs of suit.

E. grant such other relief as is just and proper

## JURY PRAYER

Plaintiff demands trial by jury.

Dated: July 23, 2010                /s/ RC935
                                    ROBERT P. COCCO, P.C.
                                    By: Robert P. Cocco, Esquire
                                    Pa. Id. No. 61907
                                    1500 Walnut Street, Suite 900
                                    Philadelphia, PA 19102
                                    (215) 351-0200

<u>/s/ Matthew Weisberg, Esquire</u>
WEISBERG LAW, P.C.
Pa. Id. No. 85570
7 S. Morton Ave.
Morton, PA 19070
(610) 690-0801
Attorneys for Plaintiff